IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SETH CHRISTOPHER SHOLMIRE                                                                 PLAINTIFF

v.                                         Civil No. 5:20-cv-5118

CORPORAL DOMINICK NUNZIATO                                                            DEFENDANT

## ORDER

Plaintiff, Seth Christopher Sholmire, filed this 42 U.S.C. § 1983 action *pro se* on July 9, 2020. (ECF No. 1). Before the Court is Plaintiff's failure to comply with two orders of the Court.

Defendant filed a Motion for Summary Judgment on February 5, 2021. (ECF No. 12). That same day the Court ordered Plaintiff to file a Response to the summary judgment motion by February 26, 2021. (ECF No. 15). The order informed Plaintiff that failure to comply with the Court's order would result in the case being dismissed without prejudice. To date, Plaintiff has not filed a Response and the order directing him to do so has not been returned as undeliverable.

On March 1, 2021, the Court entered an order directing Plaintiff to show cause by March 11, 2021, as to why he failed to comply with the Court's order directing him to file a response to Defendant's summary judgment motion. (ECF No. 17). This order also informed Plaintiff that failure to comply would result in this case being dismissed. To date, Plaintiff has not responded to the show cause order and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 15th day of March 2021.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE